[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION AND SUPPLEMENTAL MEMORANDUM OF DECISION
The court has received a copy of the defendant's motion to stay the enforcement of the injunction. It is the court's intention that the defendants not solicit new business from the four mentioned companies for a six month period. The court agrees that it would be overly burdensome, economically wasteful and unnecessarily harmful to the interests of the customers to require the defendants not to service business from the named customers procured prior to the date of the order.
The purpose of the court's order was only to allow Custard to be able to compete for the business of the four specified customers on an even playing filed. The only way the fairness of that playing field could be restored after the actions of the defendants, would be to issue an injunction. A period beyond six months would have too deleterious an effect on Mr. Nardi's livelihood and be overly anti-competitive in effect; a period less than six months, in the court's view, would not permit Custard to overcome the anti-competitive effects of the defendants' actions. The logic of this position requires only that any order only apply to the solicitation of new business.
Also, the court assumed the effective date of the order, bearing these considerations in mind, would be the date defense counsel received the injunction. That date was April 25, 2000. Counsel represents it had good faith confusion concerning whether a separate order of CT Page 5371 injunction would be filed. That confusion was not cleared up to April 27, 2000. The court believes that should be the effective date of the order — April 27, 2000. The defendants should not solicit new business from the four mentioned customers from that date.
As to other concerns expressed in the motion filed by defense counsel, the court explicitly stated that its order would only apply to HARRG, Colonia, Blue Ridge and Claims Adjustment. The order does not apply to other customers of Allied within the fifty mile limit since there was not sufficient evidence of solicitation within that limit of other customers and the court was not willing to issue a blanket order under the agreement to bar solicitation of other customers that might fall within the fifty mile limit.
The defendants also claim the order, as drafted, unreasonably fails to specifically state the geographic scope of the injunction. Insofar as the court understands this objection, the basis of the court's order, as explicitly stated, was not only the violation of the agreement, but violation of the duty of loyalty, CUTPA, and tortious interference as a result of solicitation of Custard customers and employees. The court's order specifically meant to preclude the solicitation of new assignments from the four mentioned customers who had offices, it so happens, within the fifty mile radius of the Orange office. Even if those four companies were not within a fifty mile radius, the court's intention was, by injunctive relief, to prevent solicitation of their business by the defendants for a six month period because of the active solicitation of their business for Mark while Nardi was employed by Custard. On this score, the order was limited to these companies since evidence of sufficient improper solicitation, in the court's opinion, was confined only to these four companies, and given the impact on Nardi, brought out in the evidence, which loss of the ability to do business with these particular companies would have on him even under the terms of the agreement, the court felt that it would be inappropriate to further order that he could not solicit other customers than these four particular companies who operated within fifty miles of the Orange office.
____________________ Corradino, J.